The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN PENWELL; GEORGIA BAKKE-TULL; JORDAN ENYEART; and MILDRED UZOMA,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES,<br><br>Defendant. | Civil Action No. 2:19-cv-01786-RAJ<br><br>**ORDER GRANTING MOTION TO DISMISS** |

This matter is before the Court on Defendant's motion to dismiss. For the following reasons, the motion is **GRANTED.**

## I.     BACKGROUND

The following is taken from Plaintiffs' complaint, which is assumed to be true for the purposes of this motion to dismiss, along with any judicially noticed documents. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiffs Jordan Enyeart, Justin Penwell, Georgia Bakke-Tull, and Mildred Uzoma (collectively "Plaintiffs") are

ORDER - 1

employees of Providence Health & Services ("Providence" or "Defendant") and participants in the Swedish Health Services Employee Benefits Plan ("Swedish Welfare Plan") and/or the Providence Health & Services Employee Benefits Plan ("Providence Welfare Plan") (collectively, the "Plans"). According to Plaintiffs, Providence is the plan administrator of both Plans.[1]

In early 2019, after observing an increase in their premiums, Plaintiffs began requesting network pricing information from Providence. Dkt. # 1 at ¶ 11. Plaintiffs sought several categories of documents including: (1) the annual renewal document for 2019, 2018, and 2017, (2) a complete schedule or set of schedules of the negotiated payment rates applicable to each of the Plans' participating network providers ("Network Providers") for goods and services provided to participants that are covered by the Plans, (3) a complete set of each of the contracts or agreements between the Plans and each Network Provider, (4) all documents specifying the methodology by which actual payment amounts to plan providers are determined, as well as the underlying data and information by which such payment rates are determined, and (5) any other documents under which the Plans are maintained or administered. *Id.* at ¶ 12.

Plaintiffs based these requests on ERISA section 104(b) which requires a plan administrator "upon written request of any participant or beneficiary" to "furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4); *Id.* at ¶ 14. After receiving Plaintiffs' initial request, the plan administrators for each plan provided Plaintiffs with the complete plan documents, including amendments, the summary plan

---

[1] Providence claims that it is not the plan administrator for either Plan but "reserves that argument" for the purposes of its motion to dismiss because permitting Plaintiffs to amend their complaint to name the correct Plan Administrators "would be futile" given other deficiencies in the complaint. Dkt. # 12 at 6.

ORDER - 2

descriptions, and the open enrollment information for the 2017, 2018, and 2019 plan years for the Plans. *Id.* at ¶ 16; Dkt. # 13, Ex. 2. However, Providence informed Plaintiffs that it did not possess the other information requested such as provider fee schedules or network provider contracts or agreements. *See* Dkt. # 13, Ex. 2 ("We do not possess other documents that would be responsive to your request such as schedules of negotiated payment rates as the Plan Administrator does not determine payment rates and the Plan does not contract with 'Network Providers.' ").

In response, Plaintiffs issued a second set of document requests for the same information. Dkt. # 1 at ¶¶ 20-21. Once again, Providence informed Plaintiffs that it did not have the requested documents, noting that for some categories of documents the information simply did not exist. *See* Dkt. # 1 at ¶¶ 25-26; Dkt. # 13, Ex. 4 ("Neither the Plan nor Plan Administrator has contracts with Network Providers."). Undeterred, Plaintiffs submitted a third set of requests, noting that "ERISA [requires] a plan administrator to create and produce documents that it does not have, when such documents are required to be furnished." Dkt. # 13, Ex. 5. Providence did not respond to Plaintiffs' final request. Dkt. # 1 at ¶ 28.

On November 4, 2019, Plaintiffs sued Providence under ERISA section 502(c), 29 U.S.C. §1132(c), seeking specific performance and civil penalties based on Providence's alleged failure to provide the requested documents and information under 29 U.S.C. § 1024(b). *See generally* Dkt. # 1. Providence now moves to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 12.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are

ORDER - 3

contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint.  However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint"); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.' ").  With these principles in mind, the Court turns to the instant motion.

### III.   DISCUSSION

Plaintiffs' complaint asserts a single claim under ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1) which provides that a plan administrator is subject to fines if they violate ERISA section 104(b).  29 U.S.C. § 1132(c)(1).  Under section 104(b), a plan administrator must "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  29 U.S.C. § 1024(b)(4).

Plaintiffs are requesting three categories of documents: (1) a complete schedule or set of schedules of the negotiated payment rates applicable to each of the Plan's

ORDER - 4

participating network providers for goods and services provided to Plan participants that are covered by the Plan, (2) a complete set of each of the contracts or other agreements between the Plan and each Network Provider, and (3) all documents specifying the methodology by which actual payment amounts to plan providers are determined, as well as the underlying data and information by which such payment rates are determined. Dkt. # 15 at 11.  Because Plaintiffs' requests do not fall within one of the expressly enumerated categories of information, the question is whether Plaintiffs' requests fall within the catch-all provision: "other instrument[s] under which the plan is established or operated."   Providence argues that Plaintiffs' requests go well beyond the scope of section 104(b) by requesting large swaths of network provider pricing information, completely unrelated to any claim determination or benefit.

The Ninth Circuit has adopted a narrow interpretation of the catch-all provision. *See Hughes Salaried Retirees Action Comm. v. Adm'r of the Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 691 (9th Cir. 1995); *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F3d 1198, 1201–02 (9th Cir. 2003).  In *Hughes*, the Ninth Circuit concluded that the  phrase "other instrument[s]" should be interpreted as describing other instruments "similar in nature" to the documents expressly delineated in section 104(b).  *Hughes*, at 689 ("[I]t is well established that 'words grouped in a list should be given related meaning' ").  Relevant documents include "documents that provide individual participants with information about the plan and benefits." *Id*. at 690. This is supported by the legislative history which shows that section 104(b) documents are intended to inform an individual plan participant exactly where he "stands with respect to the plan—what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted." *Hughes,* at 690 (quoting S. Rep. No. 127, 93d Cong., 2d Sess. (1974),

ORDER - 5

reprinted in 1974 U.S.C.C.A.N. 4838, 4863).

Additionally, several courts considering the scope of an ERISA fiduciary's duty to disclose in similar contexts have concluded that ERISA does not mandate disclosure of generalized network pricing information unless the information requested consists of legal documents that plainly set out a participant's rights and duties under the plan. *See e.g., DeBartolo v. Blue Cross/Blue Shield of Ill.*, No. 01 C 5940, 2001 WL 1403012, at *7 (N.D. Ill. Nov. 9, 2001) (holding that information regarding "usual and customary charges" is not the type of information an ERISA plan administrator is required to disclose under 29 U.S.C. § 1024(b)(4)); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 921–22 (C.D. Cal. 2012) (collecting cases).

Here, Plaintiffs' complaint contains no factual allegations showing how the requested information will inform "plan participants and beneficiaries about their rights under the plan." Indeed, Plaintiffs make no effort to connect their incredibly broad information requests to their rights and duties under the Plan. Instead, Plaintiffs recite the statutory elements in conclusory fashion, labeling each category of requested documents or data as "instruments under which the Plans are established or operated." *See* Dkt. # 1 at ¶¶ 33-38. This is insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Additionally, it appears that some of the information requested by Plaintiffs does not constitute formal documents governing the Plans. *See Bd. of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 142–143 (2d Cir. 1997); *Shaver*, 332 F.3d at 1202.

In response to Defendant's motion to dismiss, Plaintiffs allege for the first time that the network pricing documents they seek have a "direct effect on the out-of-pocket costs" for participants. *See* Dkt. 15 at 11. But new factual allegations raised in an

ORDER - 6

opposition brief will not rescue a complaint from dismissal under Rule 12(b)(6). *See Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Court will not consider any new facts included in Plaintiffs' opposition briefing. Accordingly, the Court finds that Plaintiffs have failed to state a claim for relief under ERISA section 502(c)(1). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Providence alternatively argues that Plaintiffs' complaint should be dismissed because some of the information Plaintiffs are requesting does not exist or is not in Providence's possession. For example, Providence contends that it does not possess the contracts or agreements with network providers because such contracts are between the provider and the third-party claims administrator. Because the Court is already dismissing Plaintiffs' complaint on other grounds, the Court will not address this apparent factual dispute. Nor will the Court address Providence's allegation that Plaintiffs lack standing to pursue this action as this argument was improperly raised for the first time in Providence's reply brief. *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (2001) (holding that it is improper for a party to raise a new argument in a reply brief, because the opposing party may be deprived of an opportunity to respond.).

### IV.  CONCLUSION

For the above reasons, the Court finds that Plaintiffs' complaint fails to state a claim for relief under Rule 12(b)(6). Defendant's motion is **GRANTED** and Plaintiffs' complaint is **DISMISSED** without prejudice. **Within fourteen (14) days from the date of this Order**, Plaintiffs may file an amended complaint addressing the deficiencies

ORDER - 7

described above. If Plaintiffs do not file an amended complaint within that time, the Court may dismiss this action.

DATED this 5th day of June, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8